UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

REGINA REID,

    Plaintiff,

v.                                                         Case No:  2:14-cv-114-FtM-38CM

ASSET ACCEPTANCE, LLC,

    Defendant.
_____/

## ORDER[1]

This matter comes before the Court on the Plaintiff, Regina Reid's Rule 11 Motion for Sanctions (Doc. #27) filed on September 24, 2014.  The Defendant has not had the opportunity to respond, however, no response is necessary for the Court to rule on the instant Motion.

## FACTS

Reid moves the Court to sanction the Defendant for filing six affirmative defenses without sufficient factual basis to support the defenses.  The Defendant served Reid with six affirmative defenses asserting: (1) Plaintiff failed to state a claim; (2) Plaintiff's claims were barred by the applicable statute of limitations; (3) damages suffered by Plaintiff were due to her own actions/omissions; (4) damages suffered by Plaintiff were due to the intervening acts/omissions of third parties; (5) Defendant's violations were the result of

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

bona fide error; and (6) Defendant's conduct was privileged by the doctrine of acquiescence.

Reid states that she served the Defendant with her first set of interrogatories and requests for production of documents on June 20, 2014. Reid states that she specifically requested what information and facts the Defendant relied on to support its affirmative defenses 2, 3, 4, 5, and 6. The Defendant filed its responses and answers to the interrogatories and requests for production on August 29, 2014. In its responses, the Defendant objected to each of the interrogatories stating:

> Defendant objects to this request on the grounds that it has yet to be able to complete its investigation of Plaintiff's claims because Plaintiff has only recently provided Defendant with the phone number allegedly called by Defendant [and because it has not been able to depose Plaintiff]. As such, this affirmative defense has been asserted as a placeholder.

Since then—on September 22, 2014—the Defendant filed a Notice withdrawing the First and Sixth affirmative defenses. (Doc. #26). Only the second, third, fourth and fifth affirmative defenses remain.

## DISCUSSION

Reid argues that sanctions pursuant to Fed. R. Civ. P. 11 should be imposed on the Defendant for filing affirmative defenses that lack a factual basis for support. The purpose of Rule 11 sanctions is to reduce frivolous claims defenses, or motions and to deter costly meritless maneuvers. Massengale v. Ray, 267 F.3d 1298, 1302 (11th Cir. 2001). Rule 11 requires district courts to impose appropriate sanctions, after notice and a reasonable opportunity to respond where an attorney or party submits a pleading to the court that: (1) is not well-grounded in fact and therefore has no reasonable factual basis; (2) is not legally tenable; or (3) is submitted in bad faith for an improper purpose. Ricccard

v. Prudential Ins. Co., 307 F.3d 1277, 1294 (11th Cir. 2002) (citing Fed. R. Civ. P. 11(b)). Rule 11 incorporates a subjective standard whereby the court determines whether or not a reasonable attorney in like circumstances could believe his actions were factually and legally justified. Kaplan v. DaimlerChrysler, A.G., 331 F.3d 1251, 1255 (11th Cir. 2003).

When testing conduct under Rule 11, a court is to use an objective standard and examine the reasonableness of the conduct under the circumstances and what was reasonable to believe at the time the pleading was submitted. Custom Mfg. and Eng'g, Inc. v. Midway Servs., Inc., 2006 WL 4792784 * 2 (M.D. Fla. September 14, 2006) (citing Baker v. Alderman, 158 F. 3d 516, 524 (11th Cir. 1998)). "In making this determination a two step inquiry is required: (1) whether the party's claims are objectively frivolous, and (2) whether the person who signed the pleadings should have been aware that they were frivolous." Custom Mfg., 2006 WL 4792784 at * 2. Sanctions are warranted when a party exhibits a "deliberate indifference to obvious facts," but not when the party's evidence to support a claim is "merely weak." Ricccard, 307 F.3d at 1294 (citing Baker v. Alderman, 158 F.3d 516, 524 (11th Cir. 1998).

At this point in the proceedings, the Court finds no good cause to impose Rule 11 sanctions based upon the Defendant's answer to Reid's interrogatories. The Defendant bears the burden of establishing a factual basis for the asserted affirmative defenses. Spellman v. RSC Equipment Rental, Inc., 2010 WL 450400, *5 (M.D. Fla. February 8, 2010) (citing Thorsteinsson v. M/V Drangur, 891 F. 2d 1547, 1550 (11th Cir. 1990)). If the Defendant fails to provide proof for its affirmative defenses then they fail. While asserting an affirmative defense that has a weak factual basis may not be a good pleading practice, such action does not rise to the level needed to impose sanctions under Rule

11. Ricccard, 307 F.3d at 1294.  Therefore, the Motion for Rule 11 Sanctions is due to be denied.

    Accordingly, it is now

**ORDERED:**

The Plaintiff, Regina Reid's Rule 11 Motion for Sanctions (Doc. #27) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 27th day of September, 2014.

*/s/ Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE


Copies:  All Parties of Record