UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

REGINA REID,

    Plaintiff,

v.                                                      Case No: 2:14-cv-114-FtM-38CM

ASSET ACCEPTANCE, LLC,

    Defendant.
_____/

## ORDER[1]

This matter comes before the Court on the Plaintiff, Regina Reid's Motion for Reconsideration of the Court's Order Denying Her Motion for Fed R. Civ. P. 11 Sanctions (Doc. #31) filed on October 8, 2014. No response in opposition has been filed, however, due to the nature of Reid's Motion none is necessary.

Reconsideration of a court's previous order is an extraordinary remedy and, thus, is a power which should be used sparingly. Carter v. Premier Restaurant Management, 2006 WL 2620302 (M.D. Fla. September 13, 2006) (citing American Ass'n of People with Disabilities v. Hood, 278 F. Supp. 2d 1337, 1339 (M.D. Fla. 2003)). The courts have "delineated three major grounds justifying reconsideration: (1) an intervening change in the controlling law; (2) the availability of new evidence; (3) the need to correct clear error or prevent manifest injustice." Susman v. Salem, Saxon & Meilson, P.A., 153 F.R.D. 689,

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

904 (M.D. Fla. 1994). "A motion for reconsideration should raise new issues, not merely readdress issues litigated previously." Paine Webber Income Props. Three Ltd. Partnership v. Mobil Oil Corp., 902 F. Supp. 1514, 1521 (M.D. Fla. 1995). The motion must set forth facts or law of a strongly convincing nature to demonstrate to the court the reason to reverse its prior decision. Carter, 2006 WL 2620302 at *1 (citing Taylor Woodrow Construction Corp. v. Sarasota/Manatee Authority, 814 F. Supp. 1072, 1072-1073 (M.D. Fla. 1993)). A motion for reconsideration does not provide an opportunity to simply reargue-or argue for the first time- an issue the Court has already determined. Carter, 2006 WL 2620302 at * 1. The Court's opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." Id. (citing Quaker Alloy Casting Co. v. Gulfco Industries, Inc., 123 F.R.D. 282, 288 (N.D. Ill. 1988)). "The burden is upon the movant to establish the extraordinary circumstances supporting reconsideration." Mannings v. School Bd. Of Hillsboro County, Fla., 149 F.R.D. 235, 235 (M.D. Fla. 1993). "Unless the movant's arguments fall into the limited categories outlined above, a motion to reconsider must be denied." Carter, 2006 WL 2620302 at *1.

On September 29, 2014, the Court issued an Order denying the Plaintiff's Motion for Rule 11 sanctions (Doc. #28). The Plaintiff's sought Rule 11 sanctions against the Defendant arguing the Defendant had no factual basis to support its asserted affirmative defenses. The Court denied the Plaintiff's Motion for Rule 11 sanctions noting that a weak factual basis in asserting an affirmative defense is not grounds for sanctions under Rule 11. The Plaintiff moves for reconsideration arguing that the Plaintiff's factual basis was not just weak it was non–existent.

The Plaintiff's Motion for Reconsideration lacks merit. The Plaintiff fails to present an intervening change in the controlling law, new evidence, or the need to correct clear error or prevent manifest injustice. Susman, 153 F.R.D. at 904. Instead, the Plaintiff merely makes the same arguments presented in her original Motion. Thus, the Motion for Reconsideration is due to be denied. Carter, 2006 WL 2620302 at *1.

Accordingly, it is now

**ORDERED:**

The Plaintiff, Regina Reid's Motion for Reconsideration of the Court's Order Denying Her Motion for Fed R. Civ. P. 11 Sanctions (Doc. #31) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 9th day of October, 2014.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record